ADAMS, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ABDUS SALAAM LUQMAN, ) | CASE NO. 5:09CV2643 |
| ) | 5:05CR571 |
| Petitioner, ) | |
| ) | JUDGE JOHN R. ADAMS |
| v. ) | |
| ) | MEMORANDUM OF OPINION |
| UNITED STATES OF AMERICA, ) | AND ORDER |
| ) | |
| Respondent. ) | |

This matter comes before the Court on a petition to vacate, set aside, or amend sentence filed pursuant to 28 U.S.C. § 2255 by Petitioner Abdus Salaam Luqman. The Court has been advised, having reviewed the petition, the Government's response, Luqman's reply, and the applicable law. For the reasons that follow, the petition is DENIED.

**I.      Facts**

On December 7, 2005, Luqman was charged with being a felon in possession of a firearm. On January 30, 2006, Luqman moved to suppress the evidence against him. This Court held a hearing on Luqman's motion, and the motion was denied on February 27, 2006. Luqman then proceeded to trial and was found guilty by a jury on March 9, 2006. Luqman's conviction was affirmed in a two-to-one decision from the Sixth Circuit. *United States v. Luqman*, 522 F.3d 613 (6th Cir. 2008). A petition for rehearing and rehearing *en banc* was denied, and the Supreme Court denied Luqman's petition for certiorari.

Luqman filed the instant petition on November 10, 2009. In his petition, Luqman contends that a recent U.S. Supreme Court decision, *United States v. Gant*, 129 S.Ct. 1710 (2009), supports his conclusion that his motion to suppress should have been granted. The Government responded in opposition, asserting that Luqman's Fourth Amendment claim is not cognizable in habeas proceedings. Luqman has replied, and the matter now appears before the Court.

**II.     Legal Standard**

Under 28 U.S.C. § 2255 there are four grounds upon which federal prisoners may challenge their conviction or sentence: (1) "the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "the court was without jurisdiction to impose such sentence"; (3) "the sentence was in excess of the maximum authorized by law"; or (4) the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255(a); *Hill v. United States,* 368 U.S. 424, 426-27 (1962). In order to prevail on a § 2255 motion alleging constitutional error, the petitioner must establish that an error of constitutional magnitude existed that had a substantial, injurious effect or influence on the proceedings. *McNeil v. United States,* 72 F. Supp.2d 801, 803 (N.D.Ohio 1999) (citing *Watson v. United States,* 165 F.3d 486, 488 (6th Cir. 1999)).

**III.    Analysis**

The Government first contends that Luqman's claim is not cognizable in a habeas proceeding. The Court agrees.

The Supreme Court has held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Stone v. Powell*, 428 U.S. 465, 482 (1976). Further,

the Supreme Court's decision in *United States v. Johnson*, 457 U.S. 537 (1982) has suggested that *Stone* also precludes raising a Fourth Amendment challenge in a § 2255 proceeding. *Id*. at 563 n. 20 ("After *Stone*[,] ... the only cases raising Fourth Amendment challenges on collateral attack are those federal habeas corpus cases in which the State has failed to provide a state prisoner with an opportunity for full and fair litigation of his claim, analogous federal cases under 28 U.S.C. § 2255, and collateral challenges by state prisoners to their state convictions under postconviction relief statutes that continue to recognize Fourth Amendment claims."); *see also Boone v. United States*, 100 F.3d 956 (6th Cir. 1996) (table decision) ("Finally, Mr. Boone's Fourth Amendment claim is not cognizable on collateral review.").

In support of his argument that his claim is cognizable, Luqman contends that this Court and the Sixth Circuit utilized an incorrect standard of law in deciding his motion to suppress. In so arguing, Luqman highlights that *Gant* expressly held that lower courts had read *New York v. Belton,* 453 U.S. 454 (1981), too broadly. In his argument, Luqman relies heavily on *Gamble v. Oklahoma*, 583 F.2d 1161 (10th Cir. 1978). In reviewing whether a claim was cognizable, the *Gamble* court noted that the full and fair opportunity test set forth in *Stone*,

> contemplates recognition and at least colorable application of the correct Fourth Amendment constitutional standards. Thus, a federal court is not precluded from considering Fourth Amendment claims in habeas corpus proceedings where the state court willfully refuses to apply the correct and controlling constitutional standards.

*Id.* at 1165. *Gamble* is inapplicable. This matter did not include any court "willfully" refusing to apply correct and controlling Fourth Amendment law. Instead, Luqman concedes, as he must, that this Court and the Sixth Circuit applied the controlling precedent in place at the time of the respective rulings herein. Accordingly, Luqman was given a full and fair opportunity to litigate

4

his Fourth Amendment claim. As such, his Fourth Amendment claim is not cognizable in these proceedings.

Assuming *arguendo* that Luqman could raise his claim in these proceedings, relief would not be warranted for several reasons. First, Luqman's claim for relief is predicated on the application of *Gant*. That is, absent the application of *Gant* to Luqman's case, controlling precedent would remain the same and his claim would be denied. Generally, new constitutional rules of criminal procedure do not apply retroactively to cases that have already been finalized and are on collateral review. *Teague v. Lane*, 489 U.S. 288, 310 (1989). New criminal procedure rules apply retroactively only if they either (1) place an entire category of conduct beyond the reach of the criminal law or (2) if the new rule is a watershed rule of criminal procedure, implicating fundamental fairness and accuracy of criminal proceedings. *See id*. at 311. *Gant*, has not been made retroactive to cases on collateral review. *See United States v. Brown*, 2009 WL 1605634, at *2 (D.S.C. June 5, 2009); *Curtner v. United States*, 2009 WL 1871874, at *4 (C.D.Ill. June 22, 2009) ("Here, the rule advanced in *Gant* is a new procedural rule as it significantly limits *Belton*, however it is not a 'watershed rule', implicating the fairness and accuracy of the Petitioner's case."). Accordingly, *Gant* does not apply to Luqman's collateral proceeding.

Finally, assuming that Luqman could overcome the two deficiencies detailed above, his § 2255 petition still must fail. In its opposition, the Government contends that the evidence seized from Luqman's vehicle would have been found during an inventory search. In response, Luqman contends that the record is unclear on whether an inventory search was necessary. The Court, however, need not resolve this issue. It is apparent to the Court that any alleged violation of the

Fourth Amendment hinges upon the ruling in *Gant*, a ruling that was handed down well after officers searched Luqman's vehicle.  As such, the Court finds that the good faith exception to the warrant requirement would prevent application of the exclusionary rule under the facts presented. In that regard, the Court finds the following to be persuasive.

> Two inseparable principles have emerged from the Supreme Court cases and each builds upon the underlying purpose of the exclusionary rule: deterrence. First, the exclusionary rule seeks to deter objectively unreasonable police conduct, i.e., conduct which an officer knows or should know violates the Fourth Amendment. S*ee, e.g., Herring*, 129 S.Ct. at 701-04; *Krull*, 480 U.S. at 348-49. Second, the purpose of the exclusionary rule is to deter misconduct by law enforcement officers, not other entities, and even if it was appropriate to consider the deterrent effect of the exclusionary rule on other institutions, there would be no significant deterrent effect in excluding evidence based upon the mistakes of those uninvolved in or attenuated from law enforcement. *See, e.g., Evans*, 514 U.S. at 14-15; *Krull*, 480 U.S. at 351-52; *Leon*, 468 U.S. at 916-17. Based upon these principles, we agree with the government that it would be proper for this court to apply the good-faith exception to a search justified under the settled case law of a United States Court of Appeals, but later rendered unconstitutional by a Supreme Court decision.
>
> Just as there is no misconduct on the part of a law enforcement officer who reasonably relies upon the mistake of a court employee in entering data, *Evans*, 514 U.S. at 15, or the mistake of a legislature in passing a statute later determined to be unconstitutional, *Krull*, 480 U.S. at 349-50, a police officer who undertakes a search in reasonable reliance upon the settled case law of a United States Court of Appeals, even though the search is later deemed invalid by Supreme Court decision, has not engaged in misconduct. The refrain in *Leon* and the succession of Supreme Court good-faith cases is that the exclusionary rule should not be applied to "objectively reasonable law enforcement activity." 486 U.S. at 919. Relying upon the settled case law of a United States Court of Appeals certainly qualifies as objectively reasonable law enforcement behavior.

*United States v. McCane*, 573 F.3d 1037, 1044-45 (10th Cir. 2009).   Based upon the reasoning set forth in *McCane*, the Court agrees that the good-faith exception applies to officers conducting a search in a manner consistent with Sixth Circuit precedent that is later determined to be incorrect by the U.S. Supreme Court.  As such, Luqman cannot demonstrate that the evidence seized

6

against him should have been suppressed.   Therefore, Luqman cannot demonstrate prejudice in this proceeding.   The petition must be denied.

**IV.    Conclusion**

For the reasons stated herein, the petition is DENIED.  This matter is DISMISSED. Pursuant to 28 U.S.C § 1915(a)(3), the Court certifies that Luqman may not take an appeal from the Court's decision in good faith, and that there is no basis upon which to issue a certificate of appealability.   28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

December 11, 2009                                             /s/   *John R. Adams*
Date                                                                    John R. Adams
                                                                             U.S. District Judge