**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ABDUS SALAAM LUQMAN, | ) | CASE NO.   5:18CV1266 |
| | ) |             5:05CR571 |
| Petitioner, | ) | |
| | ) | JUDGE JOHN R. ADAMS |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| UNITED STATES OF AMERICA, | ) | AND ORDER |
| | ) | |
| Respondent. | ) | |

This matter comes before the Court on a petition to vacate, set aside, or amend sentence filed pursuant to 28 U.S.C. § 2255 by Petitioner Abdus Salaam Luqman.   In this petition, Luqman appears to contend that this Court lacked the authority to sentence him for a supervised release violation.   The Court finds no merit in the petition.

I.      **Legal Standard**

Under 28 U.S.C. § 2255 there are four grounds upon which federal prisoners may challenge their conviction or sentence:   (1) "the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "the court was without jurisdiction to impose such sentence"; (3) "the sentence was in excess of the maximum authorized by law"; or (4) the sentence is "otherwise subject to collateral attack."   28 U.S.C. § 2255(a); *Hill v. United States,* 368 U.S. 424, 426-27 (1962).   In order to prevail on a § 2255 motion alleging constitutional error, the petitioner must establish that an error of constitutional magnitude existed that had a substantial, injurious effect or influence on the proceedings.   *McNeil v. United States,* 72 F. Supp.2d 801, 803 (N.D.Ohio 1999)

(citing *Watson v. United States,* 165 F.3d 486, 488 (6th Cir. 1999)).

## II.     Analysis

Luqman asserts that when he was afforded relief in 2015 pursuant to a prior § 2255 petition that this Court sentenced him only to "time served" and did not impose any term of supervised release.   The Court, however, in its order dated December 15, 2015, expressly detailed the three-year term of supervised release that would follow Luqman's release.   Doc. 99.   Further, following a supervised release violation in 2017, the Court declined to send Luqman back to prison and extended his supervision by one year.   Doc. 109 (issued October 20, 2017).   Accordingly, Luqman's contentions that he was not subject to supervised release lack merit.

Additionally, Luqman appears to argue that he should not be required to serve any prison sentence for his supervised release violation because he already served a lengthy sentence. Specifically, Luqman asserts that had he never been subjected to the Armed Career Criminal enhancement, he would have only served roughly 63 months.    Instead, Luqman served nearly 120 months before *Johnson* was decided and offered him relief.    Luqman's argument, however, offers him no relief.    There is no legal authority to "credit" Luqman's prior sentence against some future sentence.    As such, this Court properly imposed a six-month sentence for Luqman's violation of the terms of his supervised release.

## III.     Conclusion

For the reasons stated herein, the petition is DENIED.   This matter is DISMISSED. Likewise, Luqman's motion to expedite this proceeding is DENIED AS MOOT.   Doc. 118.

Pursuant to 28 U.S.C § 1915(a)(3), the Court certifies that Luqman may not take an appeal from the Court's decision in good faith, and that there is no basis upon which to issue a certificate of appealability.   28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

July 12, 2018
Date

/s/ John R. Adams

John R. Adams
U.S. District Judge